Stevens v. Fullington.

A. & J. T. STEVENS v. L. M. FULLINGTON AND
JOHN E. BRADLEY, TR., LYDIA A.
FULLINGTON, CLAIMANT.

*Trustee Process. Husband and Wife. Claimant. Practice.
Fraud. Attachment. Creditor.*

1. The defendant husband assisted C. in the sale of his farm to the trustee. In the
sale, with the agreement of all parties in interest, the trustee had the right to
take wood for five years from the claimant wife's premises; and in considera-
tion of the husband's services, which were nominal, and the right to take wood,
C. gave to him two fifty dollar notes executed by the trustee; and the hus-
band, who acted as broker for C. and at the same time as agent for his wife in
the sale of the wood, delivered both notes to her as her property, without
intent to defraud his creditors; *Held*, that the wife as claimant under the
trustee process was the owner of both notes.

2. An objection to the admission of evidence before a commissioner is not available
in the Supreme Court, unless made to and passed upon by the court below.

TRUSTEE PROCESS. Heard on the report of a commissioner,
April Term, 1887, TAFT, J., presiding. Judgment that the
trustee was chargeable for $50 and interest, being the amount
of a promissory note. The commissioner found, in part:

"Said Codding and Fullington, the defendant, agreed that
if Fullington would help effect the sale with Bradley and put
in the right to take wood for five years from his wife's land he
would give one hundred dollars, and he did deliver to the said
L. M. Fullington two of Bradley's notes for $50 each; one of
which is the note in question. Said Codding was to pay noth-
ing for Fullington's services except so far as he was compen-
sated by these two notes which were to be full pay for all such
services and the right to take the wood from his wife's land.
It did not appear how much the services thus rendered were
worth, nor how much the right to take said wood was worth.
The time spent by Fullington could not have exceeded two
days, and the value of the services, so far as they had any,
must have consisted in the skill of said Fullington as a land
broker. In the deed to Mrs. Fullington the right reserved by
Codding to take wood was to be forfeited if he moved away—
was personal—and was confined to dead wood cut only for three

years, but the right with which Mrs. Fullington parted was to take green wood for five years as much as said Bradley might want to use for fire-wood."

And in a supplemental report:

" These two items induced Codding to transfer the two notes to Mr. Fullington as stated in the report; but the exact and separate value of either was not then in the mind of Codding or Fullington. In Fullington's mind the wood was of much more value than the services, while in Codding's mind the help of Fullington in securing a customer and getting off a trade was thought to be quite valuable. But if the case is to be disposed of by the fair value of the two items without reference to the trade made by the parties, then I find that the right to take wood for the five years, paid for at the time as it was, was worth fifty dollars, and that the actual services rendered by Fullington in making the trade were not worth more than five dollars, and yet the parties called them both 100 dollars. And I find that the forty-five dollars with which Codding parted was the result of his valuation of Fullington's assistance in selling his farm."

The other facts are sufficiently stated in the opinion.

*Edward B. Sawyer*, for the claimant.

The claimant had a good title to this fund. *Sibly* v. *Johnson*, 43 Vt. 67. It was the wife's chose in action. The consideration for the note was her property. *Richardson* v. *Dagget*, 4 Vt. 336; *Stearns* v. *Stearns*, 30 Vt. 213; *Bartlett* v. *Boyd*, 34 Vt. 260; *Ridout* v. *Burton* 27 Vt. 383; *Waldo* v. *Peck*, 7 Vt. 464; *White* v. *Owen*, 12 Vt. 361; *Day* v. *Ridley*, 16 Vt. 48; *Printis* v. *Blake*, 34 Vt. 460; *Squire* v. *Barber*, 37 Vt. 558.

Fraud in law is not applicable. Stewart Husb. & W. 84, 97. The husband may labor gratuitously for his wife in the management of her property, and his creditors do not acquire any right against her property. Stewart Husb. & W. p. 195; *Webster* v. *Hildreth*, 33 Vt. 457; *Partridge & Co.* v. *Stocker*, 36 Vt. 108.

Stevens *v.* Fullington.

*B. A. Hunt,* for the plaintiff.

The transfer of the note to the wife was void. A husband must retain property enough to pay his debts before conveying to his wife. *Church* v. *Chapin,* 35 Vt. 223 ; 25 Vt. 496 ; *Barker* v. *French,* 18 Vt. 460 ; *Jones* v. *Spear,* 21 Vt. 426 ; *Crane* v. *Stickles,* 15 Vt. 252 ; 23 Vt. 549 ; R. L. s. 4155. The claimant never had any interest in the fund.  25 Vt. 496.

The opinion of the court was delivered by

POWERS, J.   The objections taken before the commissioner to evidence offered and admitted are not available in this court, as they were not made to, and passed upon by, the court below.  If the salient facts disclosed in the commissioner's report are kept in the foreground, the legal aspects of the case are easily discernible.  The claimant is the wife of the defendant Fullington, and at the time of the transaction in question was the owner of a farm in her own right.  Codding, with the help of the defendant Fullington, effected a sale of some land to the trustee Bradley.  Codding agreed to pay Fullington $100 if he " would help effect the sale with Bradley, and put in the right to take wood for five years from his wife's land." Fullington fulfilled the agreement ; the sale with the right to take this wood was effected, and Codding delivered to Fullington two of Bradley's notes for $50 each given for the purchase money in fulfillment of his agreement.  In this transaction there was no intent on the part of anybody to defraud Fullington's creditors.  Fullington gave his services and the right to take wood from his wife's land, acting in good faith, for the benefit of his wife, and at once delivered the two notes received in payment to his wife as her property, and she has continued to hold them as such since.

The right to take wood by Bradley was the substantial consideration for which Codding was to pay the $100 to Fullington.  The latter's services as a broker were nominal in character and in value, and he acted merely in the capacity of an agent for his wife.

43

If a stranger had assisted Codding in this sale, and secured the right to take wood from Mrs. Fullington's land, precisely as the defendant did, and had returned the whole consideration to Mrs. Fullington, claiming nothing for his personal services, no one would question Mrs. Fullerton's title to the funds held by her.

In the eye of the law, in the absence of an intent to defraud creditors, her husband may do the same thing as freely as a stranger could.

The plaintiff's argument proceeds upon the theory that this transaction was a fraudulent device to cover Fullington's property, but the report expressly negatives this assumption; and this element wanting, Mrs. Fullington's title to the notes in question is absolute against the world. *Albee* v. *Cole*, 39 Vt. 319, and cases *passim* in our reports.

The judgment is reversed, and judgment that the claimant is entitled to the funds in the hands of the trustee, and that she recover her costs.